# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| DERRICK BROWN, individually and on behalf of all others similarly situated, | Case No: |
| Plaintiff, | Hon. |
| v. | |
| LOC PERFORMANCE PRODUCTS, INC., a Michigan corporation, and LOC PERFORMANCE PRODUCTS, LLC, a Michigan limited liability company, | |
| Defendants. | |

## COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

Plaintiff, Derrick Brown ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his undersigned attorneys, hereby brings this Collective Action against Loc Performance Products, Inc. and Loc Performance Products, LLC ("Defendants" or "Loc Performance") to recover unpaid overtime compensation, liquidated damages, attorney's fees, costs, and other relief as appropriate under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201, *et seq*. Plaintiff's allegations herein are based upon knowledge as to matters relating to himself and upon information and belief as to all other matters.

1

## JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq.*

2. Additionally, this Court has jurisdiction over Plaintiff's collective action FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

3. Defendants' annual sales exceed $500,000 and they have more than two employees, so the FLSA applies in this case on an enterprise basis. Defendants' employees engaged in interstate commerce and therefore they are also covered by the FLSA on an individual basis.

4. Venue lies in in this District pursuant to 28 U.S.C. § 1391 because the Defendants are subject to personal jurisdiction in this District.

## PARTIES

5. Plaintiff, Derrick Brown ("Plaintiff" or "Brown"), is an adult resident of Detroit, Michigan and is a former employee of Loc Performance Products Inc. Plaintiff was employed with Defendants from approximately April 16, 2019 through February 23, 2023. Plaintiff's consent to joint form is attached as ***Exhibit A***.

6. Additional putative Collective members were or are employed by

2

Defendants as hourly employees during the past three years and their consent forms will also be filed in this case.

7. Defendant, Loc Performance Products, Inc. is a Michigan corporation with its principal place of business located at 13505 N. Haggerty Rd., Plymouth, Michigan 48170.

8. In November 2020, Loc Performance Products, Inc. filed a Certificate of Conversion with the State of Michigan to become a limited liability company.

9. Defendant, Loc Performance Products, LLC is a Michigan limited liability company with its principal place of business located at 13505 N. Haggerty Rd., Plymouth, Michigan 48170.

10. In January 2021, Defendants filed a Certificate of Assumed Name and now conducts business operations under the name "Loc Performance."

## STATEMENT OF FACTS

11. Loc Performance employed Plaintiff from approximately April 16, 2018 through February 23, 2023 as a non-exempt quality inspector. Plaintiff worked at Loc Performance's location at 13505 N. Haggerty Rd., Plymouth, MI 48170.

12. Plaintiff's base hourly rate of pay was $17.75.

13. In addition to the base rate of pay, Loc Performance incorporated various routine and non-discretionary bonuses into its payment structure. For example, Loc Performance promised its hourly employees shift premium pay and

3

other forms of remuneration.

14. Throughout Plaintiff's employment with Loc Performance, on occasions where he worked the second shift, he also earned hourly shift premiums of an additional $1.00 and $1.50, respectively.

15. As non-exempt employees, Loc Performance's hourly employees were entitled to full compensation for all overtime hours worked at a rate of 1.5 times their "regular rate" of pay.

### The Regular Rate of Pay

16. Under FLSA, the regular rate is the "keystone" to calculating the correct overtime rate. *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419 (1945). It is "the hourly rate actually paid the employee for the normal, nonovertime workweek for which he is employed." 29 C.F.R. §778.108.

17. No matter how an employee is paid—whether by the hour, by the piece, on a commission, or on a salary—the employee's compensation must be converted to an equivalent hourly rate from which the overtime rate can be calculated. 29 C.F.R. §778.109. "The regular hourly rate of pay is determined by dividing the employee's total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by the employee in that workweek for which such compensation was paid." *Id*.

4

18. Loc Performance's shift premiums, non-discretionary bonuses, and other remuneration do not fall within any of the statutory exclusions from the regular rate as provided in 29 U.S.C. §§ 207(e)(1)-(8).

19. There is a statutory presumption that remuneration in any form must be included in the regular rate calculation. Loc Performance carries the burden to establish that any payment should be excluded. *Acton v. City of Columbia, Mo.*, 436 F.3d 969, 976 (8th Cir. 2006) (citing *Madison v. Resources for Human Dev. Inc.*, 233 F.3d 187 (3rd Cir. 2000)). Thus, determining the regular rate starts from the premise that all payments made to Loc Performance's hourly employees for work performed are included in the base calculation unless specifically excluded by statute.

20. Once the total amount of an employee's "regular" compensation is deduced, "the determination of the regular rate becomes a matter of mathematical computation." *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 425 (1945). The regular rate must be expressed as an hourly rate because, although any method of compensating an employee is permitted, the FLSA imposes its overtime requirements in terms of hourly wages. Thus, if necessary, an employer must convert an employee's wages to an hourly rate to determine compliance with the statute.

21. Plaintiff's "total remuneration" included not only his base hourly pay, but also any shift premiums. Indeed, 29 C.F.R. § 548.502 expressly provides that

"[e]xtra overtime compensation must be separately computed and paid on payments such as bonuses or shift differentials which are not included in the computation of the established basic rate….";  *see also* 29 C.F.R. §778.207(b) (Under FLSA, the regular rate of pay must consist of all forms of remuneration including non-discretionary bonuses and "such extra premiums as night shift differentials… and premiums paid for hazardous, arduous, or dirty work.").

22. However, Loc Performance failed to incorporate any shift premiums into its hourly employees' regular hourly rate calculation, resulting in *prima facie* violations of the FLSA.

23. Consistent with Section 7(a) of the Fair Labor Standards Act, Plaintiff and those similarly situated are entitled to overtime pay equal to 1.5 times their regular rate of pay for hours worked in excess of forty (40) hours per week.

24. Plaintiff and those similarly situated have regularly worked in excess of 40 hours a week and have been paid some overtime for those hours but at a rate that does not include Loc Performance's shift premiums or non-discretionary bonuses as required by the FLSA.

25. For example, Plaintiff's pay stub for the pay period 10/9/2022 through 10/15/2022 shows 56.02 hours of work, a base hourly rate of $17.51, and gross earnings of $1,185.72 inclusive of $64.03 in shift premium pay. However, his overtime rate does not account for the shift premium pay and, therefore, violates the

FLSA.

26. Loc Performance paid Plaintiff, and its other hourly employees, additional non-discretionary remuneration that Loc Performance failed to include in the regular rate calculation.

27. To the extent that any of Loc Performance's premium compensation paid to Plaintiff, and those similarly situated, could be qualified and applied as a credit under 29 U.S.C. §§ 207(7)(h), those credits may only be applied to the same workweek or work period in which the premiums were paid. *Herman v. Fabri-Centers of Am., Inc.*, 308 F. 3d 580, 590-92 (6th Cir. 2002).

28. In a Department of Labor Opinion Letter dated December 23, 1985, the Deputy Administrator stated: "We wish to point out that the surplus overtime premium payments, which may be credited against overtime pay pursuant to section 7(h) of [the] FLSA, may not be carried forward or applied retroactively to satisfy an employer's overtime pay obligation in future or past pay periods." *Opinion Letter Fair Labor Standards Act* (flsa), 1985 WL 304329 at 3 (1985).

29. As a result of these *prima facie* FLSA violations, Loc Performance is liable to Plaintiff and those similarly situated for unpaid wages, liquidated damages, reasonable attorney's fees and costs, interest, and any other relief deemed appropriate by the Court.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

30. Pursuant to 29 U.S.C § 216(b), Plaintiff brings this action on behalf of all of Loc Performance's current and former hourly employees who worked for Loc Performance at any time in the past three years.

31. Plaintiff and putative Collective Members are "similarly situated" as that term is used in 29 U.S.C § 216(b) because, among other things, all such individuals were eligible for and did receive the shift premium pay, but such pay was not calculated as part of their regular rate as required by the FLSA.

32. Upon information and belief, Loc Performance utilized a centralized payroll system which calculated overtime pay for all similarly situated employees in the same or similar manner.

33. Resolution of this action requires inquiry into common facts.

34. These similarly situated individuals are known to the Loc Performance, are readily identifiable, and can be located through Loc Performance's payroll records, which Loc Performance is required to maintain pursuant to the FLSA. 29 U.S.C. § 211(c); 29 C.F.R. § 516 *et seq*.

35. Conditional certification of this case as a collective action pursuant to 29 U.S.C § 216(b) is proper and necessary so that these employees may be readily notified of this action through direct U.S. mail and/or other means including email and allowed to opt in for the purpose of collectively adjudicating their claims for

unpaid overtime compensation, liquidated damages and/or interest, and attorneys' fees and costs under the FLSA.

36. Upon information and belief, there are hundreds of similarly situated current and former Loc Performance employees who were not paid their required wages and who would benefit from the issuance of court-authorized notice of this lawsuit and the opportunity to join it.

### VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq*. -- FAILURE TO PAY OVERTIME

37. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

38. Loc Performance is an employer within the meaning of 29 U.S.C. § 203(d).

39. Plaintiff is an employee within the meaning of 29 U.S.C. 203(e).

40. The Fair Labor Standards Act and its implementing regulations require that the regular rate of pay include all forms of remuneration. Section 207(e) outlines eight exceptions where payments to employees may not be included in the regular rate. Loc Performance's shift premiums and non-discretionary bonuses do not fall into any of those exceptions.

41. Defendant failed to include shift premiums and non-discretionary bonuses into the regular rate of pay for Plaintiff and all others similarly situated when calculating overtime rates. The failure to include this remuneration in overtime

9

computations violates Section 7(a) of the FLSA, because Loc Performance's hourly employees are working overtime without being paid the statutorily required rates. 29 U.S.C. § 207(a).

42. At all relevant times, Loc Performance had a policy and practice of willfully refusing to pay Plaintiff and all putative collective members the legally required amount of overtime compensation for all hours worked in excess of 40 hours per workweek, in violation of the FLSA.

43. As a result of Loc Performance's willful failure to compensate Plaintiff and the putative collective members at a rate not less than 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, Loc Performance violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including but not limited to 29 U.S.C. §§ 207(a)(1), 215(a), and 29 C.F.R. §§ 778.104. Loc Performance's conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

44. Plaintiff and all others similarly situated are entitled to backpay as well as liquidated damages in an amount equal to their back pay. As a result of Loc Performance's FLSA violations, Plaintiff and all others similarly situated are owed overtime wages at a rate to be calculated by taking the difference between the overtime they should have received for each workweek and the overtime they did receive during the same time period calculated using the incorrect regular rate. The

exact amount can be readily determined using payroll and other employment records Loc Performance is statutorily required to maintain under FLSA 29 U.S.C. § 211(c).

45. Plaintiff and all others similarly situated are entitled to back pay, liquidated damages, interest, attorney's fees and costs, and other relief as appropriate under the statute. 29 U.S.C. § 216(b).

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, requests the following relief:

a. Designation of this action as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), and an order directing Loc Performance to provide Plaintiff a list of all current and former hourly employees who worked for Loc Performance at any time in the past three years. This list shall include the last known addresses, emails, and telephone number of each such person, so that Plaintiff can give those individuals notice of this action and an opportunity to make an informed decision about whether to participate;

b. An Order designating Plaintiff as representative of the FLSA Collective; and undersigned counsel as Class counsel for the same;

c. A complete accounting of all the compensation Plaintiff and all others similarly situated are owed;

d. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

e. A monetary judgment awarding full back pay and an equal amount in liquidated damages;

f. An award of pre-judgment and post-judgment interest;

g.  An award of attorneys' fees and costs of this action, and an award of a service payment to the named Plaintiff; and

h.  Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff and all others similarly situated hereby demand trial by jury on all issues in this complaint that are so triable as a matter of right.

Date: May 2, 2023                                   Respectfully submitted,

*/s/Jesse L. Young*
Jesse L. Young (P72614)
**SOMMERS SCHWARTZ, P.C.**
141 E. Michigan Avenue, Suite 600
Kalamazoo, Michigan 49007
(269) 250-7500
jyoung@sommerspc.com

Kevin J. Stoops (P64371)
**SOMMERS SCHWARTZ, P.C.**
One Town Square, 17th Floor
Southfield, Michigan 48076
(248) 355-0300
kstoops@sommerspc.com

Jonathan Melmed (CA SBN 290218)
Laura Supanich (P85849) (CA SBN 314805)
**MELMED LAW GROUP, P.C.**
1801 Century Park East, Suite 850
Los Angeles, CA 90067
(310) 824-3828
jm@melmedlaw.com
lms@melmedlaw.com

*Attorneys for Plaintiff and the Proposed Collective*